**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-2370**

L&W SUPPLY CORPORATION, trading as Building Specialties,
United States of America for the use and benefit of,

        Plaintiff - Appellee,

    v.

GREENWAY ENTERPRISES, INC.; THE GUARANTEE COMPANY OF NORTH
AMERICA USA,

        Defendants – Appellants,

    and

LCJ AND ASSOCIATES LLC; ELIZABETH MUTTER, f/k/a Elizabeth
Hubbard,

        Defendants.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  T. S. Ellis, III, Senior
District Judge.  (1:12-cv-00333-TSE-TCB)

Argued:  September 17, 2013      Decided:  October 29, 2013

Before WILKINSON, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED**: Palmer Hoovestal, HOOVESTAL LAW FIRM, PLLC, Helena,
Montana, for Appellants.  James Charles Judkins, COWLES,
RINALDI, JUDKINS & KORJUS, LTD., Fairfax, Virginia, for

Appellee.   **ON BRIEF**: Ralph D. Rinaldi, COWLES, RINALDI, JUDKINS & KORJUS, LTD., Fairfax, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Miller Act, 40 U.S.C. § 3131 et seq., requires that a prime contractor performing a construction project for the federal government costing in excess of $100,000 post a payment bond to protect those who have a direct contractual relationship with a contractor or subcontractor. See J. W. Bateson Co., Inc. v. United States ex rel. Bd. of Trustees of Nat. Automatic Sprinkler Indus. Pension Fund, 434 U.S. 586, 587 (1978). Defendant-appellant Greenway Enterprises Inc. ("Greenway") entered into a contract with the federal government for an amount exceeding $100,000 to provide labor and materials necessary to improve a federal facility. Greenway posted the necessary bond, with defendant-appellant Guarantee Company of North America ("GCNA") acting as surety.

Greenway then subcontracted with LCJ and Associates, LLC ("LCJ"), a firm run by Charles and Elizabeth Mutter, to perform some of the work on the project. The Mutters had previously operated their business through a sole proprietorship known as LC Property Improvements ("LC Property"). They considered LCJ to be the successor company to LC Property. LC Property had an open credit account with plaintiff-appellee L&W Service Corporation ("L&W"), which supplied the Mutters with materials for the project. The Mutters paid for a portion of those materials, but L&W sought recovery of the additional balance from Greenway and

3

GNCA. The district court granted summary judgment on behalf of L&W and awarded it $64,794.63.

The sole issue before this court is whether the district court properly granted summary judgment on behalf of L&W, which required a determination of the underlying question of whether L&W was a proper Miller Act claimant. We review the district court's grant of summary judgment de novo. Shipbuilders Council of Am. v. U.S. Coast Guard, 578 F.3d 234, 243 (4th Cir. 2009). Appellants claim that LCJ and LC Properties were distinct companies, and that L&W had a contract only with LC Properties, which had no contractual relationship with Greenway. The district court rejected this argument, determining that LCJ was the successor company to LC Properties. Consequently, the district court held that L&W had a contractual relationship with LCJ, and was entitled to recovery under the Miller Act.

We affirm on the reasoning of the district court, as articulated in its October 26, 2012 motions hearing. See Motions Hearing, L&W Supply Corp. v. LCJ & Assoc., LLC, No. 1:12-cv-333 (E.D.V.A. Oct. 26, 2012). As the court below noted, the Mutters treated LCJ as the successor to LC Property and acted as if there was a contractual relationship between L&W and LCJ. LCJ paid for materials from L&W with LCJ checks. LCJ, then, was clearly the successor company of LC Property and maintained a

4

contractual relationship with L&W. Therefore L&W is a proper Miller Act claimant and is entitled to relief.

AFFIRMED